

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00387-CV

Comfort D. **ROBERTS**,
Appellant

v.

**BEST & SPRUILL**, Allison Spruill, Delta Best, Daryl Quijano, and Kenneth Welch,
Appellees

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-03206
Honorable Janet P. Littlejohn, Judge Presiding

PER CURIAM

Sitting:      Marialyn Barnard, Justice
              Rebeca C. Martinez, Justice
              Patricia O. Alvarez, Justice

Delivered and Filed:  August 6, 2014

DISMISSED FOR WANT OF JURISDICTION

Appellant Comfort D. Roberts filed suit against River City Care Center, Lloyd Douglas Enterprises, Lloyd Douglas, Steve Robinson, Best & Spruill, Allison Spruill, Delta Best, Daryl Quijano, Kenneth Welch, and U.S. Legal Service. On April 4, 2014, Best & Spruill, Allison Spruill, Delta Best, Daryl Quijano, and Kenneth Welch filed a motion for sanctions in which they sought a dismissal of appellant's claims against them based on their contention that appellant's suit was frivolous and filed solely for the purpose of harassment. *See* TEX. R. CIV. P. 13; TEX.

CIV. PRAC. & REM. CODE ANN. § 10.001, et seq. (West 2002). On April 6, 2014, appellant filed a notice of nonsuit as to his "entire case."

On April 10, 2014, the trial court granted the motion filed by Best & Spruill, Allison Spruill, Delta Best, Daryl Quijano, and Kenneth Welch, and dismissed appellant's claims against these individuals and entities. The order does not include any severance language with regard to the remaining defendants — River City Care Center, Lloyd Douglas Enterprises, Lloyd Douglas, Steve Robinson, and U.S. Legal Service — or any Mother Hubbard language. Moreover, the clerk's record does not contain an order granting the nonsuit or otherwise disposing of appellant's claims against River City Care Center, Lloyd Douglas Enterprises, Inc., Lloyd Douglas, Steve Robinson, or U.S. Legal Service. These defendants did not join in the motion filed by Best & Spruill, Allison Spruill, Delta Best, Daryl Quijano, and Kenneth Welch, and they are not mentioned in the trial court's April 10, 2014 order of dismissal.

On May 30, 2014, appellant Roberts filed his notice of appeal from the trial court's order of dismissal. He subsequently amended his notice of appeal to include the trial court's denial of his motion to reconsider the dismissal. In the notices of appeal, appellant references the nonsuit, contending the nonsuit precluded the order of dismissal.

In *Park Place Hosp. v. Estate of Milo*, the supreme court held the appellate timetables were not triggered until a signed, written order was rendered dismissing a nonsuited defendant. 909 S.W.2d 508, 510 (Tex. 1995). As noted above, no order granting the nonsuit or dismissing all of the nonsuited defendants was signed, and the trial court's order of dismissal did not contain a Mother Hubbard clause or other finality language. ***Until the trial court renders an order of dismissal or a severance as to all of the nonsuited defendants, there is no final and appealable judgment***. *See id.* Generally, appeals may be taken only from final judgment. *Lehmann v. Har-*

*Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final for purposes of appeal when it disposes of all pending parties and claims in the record. *Id.*

Although Roberts nonsuited all of the defendants, it appears the trial court never rendered an order granting the nonsuit, an order of dismissal, or order of severance as to defendants River City Care Center, Lloyd Douglas Enterprises, Inc., Lloyd Douglas, Steve Robinson, or U.S. Legal Service. Thus, it seems there is no final and appealable judgment in this matter. *See id.*

Accordingly, we ordered appellant to show cause why this case should not be dismissed for want of jurisdiction. We advised appellant that if he failed to satisfactorily respond within the time provided, the appeal would be dismissed. *See* TEX. R. APP. P. 42.3(c).

On July 30, 2014, appellant filed a response to our order. In the response, appellant contends the appeal should not be dismissed because he was denied the right to due process based on the trial court's decision to grant the motion for sanctions, i.e., the motion to dismiss, after he filed his notice of nonsuit and without notice to him. Appellant does not, however, address the specific jurisdictional issue raised in our show cause order, i.e., the failure of the record to establish disposal of his claims against all parties sued. Accordingly, because appellant has failed to establish there is a final judgment — a judgment or order disposing of all the parties initially sued — we dismiss the appeal for want of jurisdiction.

PER CURIAM